UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE OETKEN

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

   -v.-        :

                                          INFORMATION

DAVID HAUSMAN,        :

       Defendant.        :        **12 CRIM 576**

- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 31 2012

**COUNT ONE**

(Obstruction of Justice)

The United States Attorney charges:

Background

1.  Trade in Rhinoceros horn has been regulated under the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") since 1976. All species of Rhinoceros are protected under United States and international law and all Black Rhinoceros species are endangered.

2.  At all times relevant to this Information, DAVID HAUSMAN, the defendant, a resident of Manhattan, New York, operated an antiques business out of his apartment. HAUSMAN represented himself to be an expert in antiques, and in the trade of objects made from Rhinoceros horn.

3.  On or about March 23, 2011, after DAVID HAUSMAN, the defendant, had approached the Department of Interior, United States Fish & Wildlife Service ("USFWS") to report illegal

activity he had observed, namely that recently-made items containing Rhinoceros horn were being sold as antique items, and HAUSMAN had offered his expertise on this subject to USFWS, HAUSMAN signed an agreement with USFWS through which he agreed to provide information about illegal activity ("the Agreement"). The terms of the Agreement required, among other things, that HAUSMAN (i) not initiate any illegal activity without prior authorization from USFWS; (ii) report to USFWS all conversations regarding the Rhinoceros trade; and (iii) not knowingly engage in witness tampering, witness intimidation, entrapment, or the fabrication, alteration, or destruction of evidence or induce any individual to commit a crime that he or she has no predisposition to commit.

### The Pennsylvania Transaction

4.  On or about December 3, 2010, DAVID HAUSMAN, the defendant, advised the USFWS that he believed a Black Rhinoceros mount ("Mount-1") - - the taxidermied head of a Black Rhinoceros containing two horns - - had been sold by a Pennsylvania auction house in violation of the law. Although Mount-1 was in fact sold at auction for approximately $20,000 on or about December 2, 2010, HAUSMAN later learned that the sale was not completed. HAUSMAN thereafter endeavored to procure Mount-1 for himself.

5.  In or around February 2011, DAVID HAUSMAN, the defendant, contacted a resident of Pennsylvania (the "Straw

Buyer") and offered to pay her approximately $2,000 if she would procure Mount-1 for HAUSMAN without disclosing that he was the true purchaser. HAUSMAN instructed the Straw Buyer not to communicate with him about the Rhinoceros matter by email so as to avoid creating a paper trail that could be followed by law enforcement.

6. In or around March 2011, at the direction of DAVID HAUSMAN, the defendant, the Straw Buyer corresponded by electronic mail with the owner of Mount-1, during which time she falsely conveyed that she intended to be the true and only purchaser of Mount-1. Also in or around March 2011, HAUSMAN sent approximately $8,500 in cash to the Straw Buyer for the purpose of buying Mount-1. Shortly thereafter, at HAUSMAN's direction, the Straw Buyer purchased Mount-1 for approximately $6,300.

7. Between in or about March 2011 and in or about June 2011, at the request of DAVID HAUSMAN, the defendant, the Straw Buyer had the horns from Mount-1 removed and mailed the horns to HAUSMAN in Manhattan, New York.

8. After receiving the horns from Mount-1 at his Manhattan apartment on or about June 9, 2011, DAVID HAUSMAN, the defendant, made a realistic replica of the horns using synthetic materials (the "Fake Horns"). HAUSMAN then mailed the Fake Horns to the Straw Buyer, and directed her to attach the Fake Horns to Mount-1 so that Mount-1 would appear to be unmodified if law

enforcement were to make inquiries.

9.   Between in or about February 2011 and at least in or about February 2012, DAVID HAUSMAN, the defendant, instructed the Straw Buyer that, in the event she were subsequently questioned by law enforcement authorities, in particular USFWS, she should falsely claim she purchased Mount-1 for herself and that she maintained possession of an unaltered Mount-1 in Pennsylvania. HAUSMAN further advised the Straw Buyer to falsely state that she had obtained the funds used to purchase Mount-1 by selling a painting. The Straw Buyer agreed to follow these instructions if ever approached by law enforcement. In or around February 2012, after being informed of federal charges against him for a different Rhinoceros trafficking matter, HAUSMAN informed the Straw Buyer that he had been arrested and discussed with her what should be done with Mount-1. HAUSMAN and the Straw Buyer agreed that Mount-1 should be concealed or burned.

## Statutory Allegation

10.   From in or about February 2011 until in or about February 2012, in the Southern District of New York and elsewhere, DAVID HAUSMAN, the defendant, willfully and knowingly, and with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely, USFWS, and in relation to and in contemplation of such

4

matter, did knowingly alter, conceal and cover up, a tangible object, to wit, HAUSMAN directed the Straw Buyer to remove the real horns from a Black Rhinoceros mount (Mount-1) and replace them with synthetic horns that HAUSMAN manufactured in order to create the false appearance, if ever investigated by law enforcement, that Mount-1 had not been altered, and, after being notified that he was under investigation, HAUSMAN contacted the Straw Buyer and agreed with her that Mount-1 should be concealed and burned.

(Title 18, United States Code, Sections 1519 and 2.)

## COUNT TWO

(Lacey Act False Record)

The United States Attorney further charges:

11. The allegations contained in paragraphs 1 through 3 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

### The Illinois Transaction

12. On or about September 11, 2011, DAVID HAUSMAN, the defendant, responded to an internet offer to sell a Black Rhinoceros mount ("Mount-2"). Unbeknownst to HAUSMAN, the seller was an undercover USFWS Special Agent ("Agent-1"). On or about October 7, 2011, after Agent-1 had advised HAUSMAN that Mount-2 was located in Illinois and was not 100 years old, but rather approximately 20-30 years old, HAUSMAN offered to purchase

Mount-2 for $8,500. HAUSMAN then directed Agent-1 to send HAUSMAN an email falsely stating that the mount was over 100 years old. Agent-1 did so on about October 10, 2011. Also on or about October 10, 2011, at Agent-1's request, HAUSMAN sent Agent-1 a $2,000 check. HAUSMAN and Agent-1 agreed that the check would be returned at the time of the sale so there would be no written record of the cash transaction. HAUSMAN promised that, once the check was returned, he would destroy it. HAUSMAN also instructed Agent-1 not to communicate with him further about the Rhinoceros transaction so as to avoid creating a paper trail that could be followed by law enforcement.

      13. On or about November 15, 2011, DAVID HAUSMAN, the defendant, after traveling from New York City, purchased Mount-2 from another USFWS agent posing as a relative of Agent-1 ("Agent-2"), at a truck stop in Princeton, Illinois for $8,500 in United States currency. At HAUSMAN's direction, Agent-2 signed a receipt, prepared by HAUSMAN, falsely stating that Agent-2 was transferring "title of ownership to one rhino taxidermy mount over one hundred years old" to HAUSMAN (the "Receipt"). At no time between March 23, 2011 and February 18, 2012 did HAUSMAN inform anyone at USFWS of this transaction.

      14. After purchasing Mount-2, on or about November 15, 2011, HAUSMAN sawed off the horns from Mount-2, and disposed of the head. HAUSMAN then transported and arranged for the

transportation of the horns from Mount-2 to himself in New York City.

15. On or about February 18, 2012, USFWS agents searched the Manhattan apartment of DAVID HAUSMAN, the defendant, pursuant to a search warrant, during which USFWS agents found and seized four Black Rhinoceros mounts, three of which did not have horns and one of which had fake resin horns attached. No horns matching these mounts were found in HAUSMAN's apartment. Agents found three sets of Black Rhinoceros horns (six horns), including the two horns from Mount-2, as well as several items carved from Rhinoceros horn, including items that appeared to be in the process of being carved, as well as tools for making such carvings.

16. When voluntarily interviewed by USFWS agents during the search, HAUSMAN initially stated he was working with USFWS and that he had documents to prove that the horns from Mount-2 were more than 100 years old. The defendant then provided USFWS agents with the Receipt. HAUSMAN also falsely stated that a set of Black Rhinoceros horns found in his apartment were the horns from Mount-1. HAUSMAN further falsely stated that he had not written a check as a deposit for Mount-2.

Statutory Allegation

17. From on or about October 10, 2011, until on or about November 15, 2011, in the Southern District of New York and

7

elsewhere, the defendant, DAVID HAUSMAN, did knowingly make a false record, account and identification thereof, for wildlife with a market value greater than $350, to wit, on or about October 10, 2011, HAUSMAN solicited and caused to be made an email falsely stating that a Black Rhinoceros mount (Mount-2) was known to be more than one hundred (100) years old and, on or about November 15, 2011, HAUSMAN wrote and made an invoice falsely stating that Mount-2 was known to be more than one hundred (100) years old.

(Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A))

_____
PREET BHARARA
United States Attorney